KM

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Matthew Linden Harris,

                  Plaintiff,

vs.

Unknown Sawyer, et al.,

                  Defendants.

No.  CV 13-790-PHX-DGC (BSB)

**ORDER**

Plaintiff Matthew Linden Harris, who was formerly confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  Plaintiff subsequently filed a First Amended Complaint (Doc. 6).

On July 1, 2013, Plaintiff filed a Notice of Change of Address indicating he is no longer in custody.  In a July 23, 2013 Order, the Court granted the Application to Proceed and required Plaintiff to either pay the filing fee or show good cause why he cannot pay.

On August 9, 2013, Plaintiff filed a response to the Order stating that he had been re-booked in the Maricopa County Jail and again had an inmate account from which periodic partial payments could be withdrawn. On August 16, 2013, Plaintiff filed another Notice of Change of Address indicating that he had again been released.  On December 5, 2013, the Court issued another order to show cause requiring Plaintiff to either pay the $350.00 filing fee or file a "Response" to the Order.  On January 10, 2014, Plaintiff filed a Motion for Extension of Time to Pay the Filing Fee (Doc. 15).

JDDL-K

1    The Court will dismiss the First Amended Complaint with leave to amend.

2    **I.      Motion for Extension of Time and Filing Fee**

3    In his Motion for Extension of Time, Plaintiff asks that the Court grant him an

4    additional 180 days within which to pay the filing fee and that the Court allow him to

5    make monthly payments.  The Court will grant the Motion; Plaintiff will have 180 from

6    the filing date of this order to pay the filing fee in full, and may make monthly payments.

7    **II.     Statutory Screening of Prisoner Complaints**

8    The Court is required to screen complaints brought by prisoners seeking relief

9    against a governmental entity or an officer or an employee of a governmental entity.  28

10   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

11   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

12   which relief may be granted, or that seek monetary relief from a defendant who is

13   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

14   A pleading must contain a "short and plain statement of the claim *showing* that the

15   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

16   does not demand detailed factual allegations, "it demands more than an unadorned, the-

17   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

18   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

19   conclusory statements, do not suffice."  *Id.*

20   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

21   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

22   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable

24   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

25   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

26   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

27   specific factual allegations may be consistent with a constitutional claim, a court must

28

1   assess whether there are other "more likely explanations" for a defendant's conduct. *Id.*
2   at 681.

3       But as the United States Court of Appeals for the Ninth Circuit has instructed,
4   courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,
5   342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less
6   stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*
7   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

8       If the Court determines that a pleading could be cured by the allegation of other
9   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
10  of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).
11  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but
12  because it may possibly be amended to state a claim, the Court will dismiss it with leave
13  to amend.

14  **III.    First Amended Complaint**

15      An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963
16  F.2d 1258,1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d
17  1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as
18  nonexistent. *Ferdik*, 963 F.2d at 1262. Accordingly, causes of action alleged in an
19  original complaint which are not alleged in an amended complaint are waived. *King v.*
20  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

21      Plaintiff names the following Defendants in the First Amended Complaint: Officer
22  Sawyer; Unknown Sergeants 1 and 2 at Estrella Jail; Sergeants Waters, Tenny, Perks,
23  Rothschild, Dunn, Anders, McKay, Bernsten, Henry, Allan, Layton, Rosales, and Dauch;
24  Lieutenants Garcia and Stump; Detention Officers Johnson, Negbee, Carrasco, #B1499,
25  Gomes, Cruz, #A7519, Vasquez, Madrano, #B0614, Bordan, and Fritz; Maricopa County
26  Sheriff Joseph M. Arpaio; Captain Haupmann; Chaplain Bristow; Dr. Joseph; and 17
27  Unknown Officers employed at the Lower Buckeye Jail.

28      Plaintiff raises six grounds for relief. In Count One, Plaintiff alleges his First

Amendment right to the redress of grievances was violated when, on multiple occasions, he was denied grievance forms or detention officers failed to process his grievances.

In Count Two, Plaintiff claims his right of access to the courts was denied when Defendants Gomes, Haupmann, Bordan, and Unknown Defendants denied him legal forms. Plaintiff also claims he was unable to file motions and unable to communicate with potential witnesses in his criminal case. Plaintiff further claims Defendants Dunn and Stump refused to acknowledge his "pro per/pro se" status on three separate matters and Defendant Dunn refused to allow him to attend court "on a family matter." Plaintiff claims he was unable to adequately defend his "criminal matter" and that he missed a court date for his family case.

In Count Three, Plaintiff claims his Fourteenth Amendment rights were violated when Defendant Fritz "rejected a piece of mail which contained a money order which was acceptable under MCSO rules and regulations." Plaintiff claims this was in retaliation for filing a lawsuit against the Maricopa County Sheriff's Office. Plaintiff further claims that Defendant Cruz denied him access to the courts by refusing to process legal mail.

In Count Four, Plaintiff claims his Fourteenth Amendment rights were violated when he was denied weekly indigent packages, "preventing access to mail and basic hygiene tasks." Plaintiff further claims that from April 28, 2013 through May 5, 2013, he was denied the opportunity to shower.

In Count Five, Plaintiff claims his First Amendment right to the free exercise of religion was violated when, on two different occasions, he was not allowed to attend religious services, even though he had been approved to attend.

In Count Six, Plaintiff claims his Fourteenth Amendment rights were violated when he was denied psychiatric treatment despite repeatedly requesting treatment. Plaintiff states that when he attempted to grieve the issue, Defendant Joseph refused to address the issue with him.

Plaintiff seeks injunctive relief and money damages.

**IV.     Failure to State a Claim**

  **A.     Count One**

   Prisoners have a First Amendment right to file prison grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise to a due process claim. *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of constitutional rights). "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In addition, "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy." *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); *see also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under § 1983 and does not compromise an inmate's right of access to the courts).

   Accordingly, Plaintiff's claim that he was denied grievance forms and that Defendants refused to process his grievances fails to state a claim.

  **B.     Count Two**

   The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court. *Id.* at 354. The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing

contemplated challenges to sentences or conditions of confinement before the courts." *Id*. at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation. *Id*. at 349. To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present. *Id*. at 352-53.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id*. at 355. The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement. *Id*. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original).

Plaintiff has failed to describe the specific injury he suffered as a result of the alleged denial of access to the courts and, therefore, has failed to state an access to courts claim.

Further, to the extent Plaintiff claims he was denied access the court in his criminal proceedings, a prisoner who is represented by counsel "has no constitutional right of access to legal materials." *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990). The state has the option of deciding whether to provide legal assistance or access to a law library. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "Availability of legal assistance at government expense . . . is a constitutionally permissible means of access." *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982). When an inmate is provided adequate access, he may not reject the method of access provided and insist on a method of access of his or her choosing. *Id. Accord Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) (no denial of meaningful access to

courts where jail did not provide access to a law library to inmate who was represented by counsel). Accordingly, Plaintiff has failed to state a claim for access to the courts with regard to his criminal proceedings.

### C.   Count Three

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (*per curiam*) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Similarly, a viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff has not alleged facts demonstrating that his mail was withheld without a valid penological purpose. He has therefore failed to state a claim for retaliation or for the wrongful withholding his mail.

### D.   Count Four

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

1    Deliberate indifference is a higher standard than negligence or lack of ordinary
2  due care for the prisoner's safety.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  To
3  state a claim of deliberate indifference, plaintiffs must meet a two-part test.  "First, the
4  alleged constitutional deprivation must be, objectively, sufficiently serious"; and the
5  "official's act or omission must result in the denial of the minimal civilized measure of
6  life's necessities."  *Id.* at 834 (internal quotations omitted).  Second, the prison official
7  must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate
8  indifference to inmate health or safety."  *Id.* (internal quotations omitted).  In defining
9  "deliberate indifference" in this context, the Supreme Court has imposed a subjective
10  test: "the official must both be aware of facts from which the inference could be drawn
11  that a substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at
12  837 (emphasis added).

13    In Count Four, Plaintiff claims he was denied "indigent packages" and basic
14  hygiene supplies.  Plaintiff has failed to allege facts showing that the denial of these items
15  created a substantial risk of serious harm to Plaintiff's health or safety.  Further, Plaintiff
16  has not alleged that a specifically named Defendant was aware of such a risk of harm and
17  failed to act.  Plaintiff has failed to state a claim in Count Four.

18    **E.    Count Five**

19    To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege
20  that a defendant burdened the practice of plaintiff's religion by preventing him from
21  engaging in a sincerely held religious belief and that the defendant did so without any
22  justification reasonably related to legitimate penological interests.  *Shakur v. Schriro*, 514
23  F.3d 878 (9th Cir. 2008).

24    In Count Five, Plaintiff claims that on two occasions he was not allowed to attend
25  religious services.  Plaintiff has not alleged facts showing that the practice of his religion
26  was burdened because he was prevented from engaging in a sincerely held religious
27  belief, nor has he alleged facts showing that Defendants acted without a legitimate
28  penological purpose.  Plaintiff has failed to state a claim in Count Five.

1

**F.     Count Six**

2        Not every claim by a prisoner relating to inadequate medical treatment states a

3   violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

4   plaintiff must show that the defendants acted with "deliberate indifference to serious

5   medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v.*

6   *Gamble*, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need"

7   by demonstrating that failure to treat the condition could result in further significant

8   injury or the unnecessary and wanton infliction of pain and (2) the defendant's response

9   was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

10       "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d

11  1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

12  both know of and disregard an excessive risk to inmate health; "the official must both be

13  aware of facts from which the inference could be drawn that a substantial risk of serious

14  harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Deliberate

15  indifference in the medical context may be shown by a purposeful act or failure to

16  respond to a prisoner's pain or possible medical need and harm caused by the

17  indifference. *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a

18  prison official intentionally denies, delays, or interferes with medical treatment or by the

19  way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05;

20  *Jett*, 439 F.3d at 1096.

21       Deliberate indifference is a higher standard than negligence or lack of ordinary

22  due care for the prisoner's safety. *Farmer*, 511 U.S. at 835.  "Neither negligence nor

23  gross negligence will constitute deliberate indifference." *Clement v. California Dep't of*

24  *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

25  622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

26  "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

27  does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

28  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).   A mere delay in medical care,

1  without more, is insufficient to state a claim against prison officials for deliberate
2  indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407
3  (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of
4  "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

5      In Count Six, Plaintiff claims that he repeatedly requested psychiatric treatment
6  and that his requests were denied.  Plaintiff has not described his medical conditions and
7  it is therefore impossible for the Court to determine whether he suffered from a serious
8  medical need.  Further, Plaintiff does not allege that a specific Defendant was aware of
9  his serious medical need and failed to act.  Accordingly, Plaintiff has failed to state a
10  claim in Count Six.

11  **V.    Leave to Amend**

12      For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed
13  for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff
14  may submit a second amended complaint to cure the deficiencies outlined above.  The
15  Clerk of Court will mail Plaintiff a court-approved form to use for filing a second
16  amended complaint.  If Plaintiff fails to use the court-approved form, the Court may
17  strike the second amended complaint and dismiss this action without further notice to
18  Plaintiff.

19      If Plaintiff files a second amended complaint, Plaintiff must write short, plain
20  statements telling the Court: (1) the constitutional right Plaintiff believes was violated;
21  (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did
22  or failed to do; (4) how the action or inaction of that Defendant is connected to the
23  violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered
24  because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377
25  (1976).

26      Plaintiff must repeat this process for each person he names as a Defendant.  If
27  Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
28  injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

1    failure to state a claim.  **Conclusory allegations that a Defendant or group of**
2    **Defendants has violated a constitutional right are not acceptable and will be**
3    **dismissed**.

4         Plaintiff must clearly designate on the face of the document that it is the "Second
5    Amended Complaint."  The second amended complaint must be retyped or rewritten in
6    its entirety on the court-approved form and may not incorporate any part of the original
7    Complaint or First Amended Complaint by reference.  Plaintiff may include only one
8    claim per count.

9         A second amended complaint supersedes the original and first amended
10   complaints.  *Ferdik*, 963 F.2d at 1262; *Hal Roach*, 896 F.2d at 1546.  After amendment,
11   the Court will treat the original and first amended complaints as nonexistent.  *Ferdik*, 963
12   F.2d at 1262.   Any cause of action that was raised in the original or first amended
13   complaints and that was voluntarily dismissed or was dismissed without prejudice is
14   waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*,
15   693 F.3d 896, 928 (9th Cir. 2012) (en banc).

16   **VI.    Warnings**

17        **A.    Release**

18        Plaintiff must pay the unpaid balance of the filing fee within 120 days of his
19   release.  Also, within 30 days of his release, he must either (1) notify the Court that he
20   intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to
21   comply may result in dismissal of this action.

22        **B.    Address Changes**

23        Plaintiff must file and serve a notice of a change of address in accordance with
24   Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion
25   for other relief with a notice of change of address.  Failure to comply may result in
26   dismissal of this action.

27        **C.    Copies**

28        Plaintiff must submit an additional copy of every filing for use by the Court.  *See*

LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Extension of Time to Pay Filing Fee (Doc. 15) is **granted**; Plaintiff has 180 days from the filing date of this Order to pay the filing fee.

(2)     The First Amended Complaint (Doc. 6) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

    (4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

    Dated this 22nd day of May, 2014.

_David G. Campbell_
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>              Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
                                            )
(Full Name of Plaintiff)  Plaintiff,        )
                                            )
              vs.                           )   **CASE NO.** _____
                                            )          (To be supplied by the Clerk)
(1)_____, )
(Full Name of Defendant)                    )
(2)_____, )
                                            )   **CIVIL RIGHTS COMPLAINT**
(3)_____, )   **BY A PRISONER**
                                            )
(4)_____, )   ☐ Original Complaint
              Defendant(s).                 )   ☐ First Amended Complaint
  ☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                              1

**550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                          (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                          (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                          (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?              ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail            ☐ Access to the court     ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion    ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
       at your institution?                                              ☐ Yes     ☐ No
  b.   Did you submit a request for administrative relief on Count II?    ☐ Yes     ☐ No
  c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes     ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
       you did not.  _____
       _____.

4

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail              ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property          ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III?           ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                      DATE                               SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.